**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOHN TONY POSADAS,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. ED CV 16-00034 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

**I.**

**BACKGROUND**

    Plaintiff John Tony Posadas filed his application for disability benefits under Title II of the Social Security Act on August 26, 2013. After denial on initial review and on reconsideration, a hearing took place before an Administrative Law Judge (ALJ) on May 12, 2015. In a decision dated July 24, 2015, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period from July 14, 2012 through the date of the decision. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated November 13, 2015. Plaintiff filed a Complaint herein on January 6, 2016, seeking review of the Commissioner's denial of his application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on October 11, 2016 ("Pl. Mem."), and the Commissioner filed a memorandum in support of her answer on November 15, 2016 ("Def. Mem."). Plaintiff did not file a reply. This matter now is ready for decision.[1]

## II.
## DISPUTED ISSUE

The Plaintiff raises the following disputed issue: Whether the ALJ erred in reliance on the testimony of the vocational expert ("VE") in determining Plaintiff could perform other work.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), the parties' memoranda in support of their pleadings, and plaintiff's reply.

## IV.

## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 14, 2012, the alleged onset date. (AR 24.) At step two, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis of the bilateral knees; internal derangement status post right knee arthroscopy; syncope; disorder of the right upper extremity; and mild obesity. (*Id.*) At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 25.) At step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) as follows:

> [Plaintiff] can lift and/or carry 10 pounds occasionally and frequently, stand or walk 2 hours in an eight-hour day with use of a cane for ambulation, sit 6 hours in an 8-hour workday with no prolonged walking greater than 15 minutes (with the ability to use a cane). The [plaintiff] can sit 6 hours in an 8-hour workday with the ability to stand and stretch not to exceed 10 percent of the day. [Plaintiff] cannot kneel, crawl, squat, repetitively climb, or work with hazards such as working at unprotected heights, operating fast or dangerous machinery, or driving commercial vehicles. In addition, [plaintiff] cannot walk on uneven terrain, perform forceful griping and grasping with the right upper extremity, or climb ladders, ropes or scaffolds.

(AR 25.)

Finally, at step five, based on the VE's testimony, the ALJ concluded that Plaintiff could not perform his past relevant work, but has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (such as check cashier and

telephone solicitor). (AR 29.) Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act from July 14, 2012 through the date of the decision. (AR 30.)

## VI.
## DISCUSSION

At step five of the sequential evaluation process, "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information" and creates a rebuttal presumption as to a job classification. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 n.6, 1435 (9th Cir. 1995); *see also Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). Where, as here, the testimony of a VE is used at step five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162-63 (9th Cir. 2001); *Burkhart v. Bowen*, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988); 20 C.F.R. §§ 404.1566(b), 416.966(b).

In the present case, the dispute focuses on the restriction in the RFC of stretching or standing up to 10 percent of an 8 hour workday, i.e., up to 48 minutes a day, referred to as a "sit/stand option." Plaintiff does not challenge the accuracy of the hypothetical presented to the VE, but contends that the sit/stand option in the RFC conflicts with the DOT description for the jobs of check cashier and telephone solicitor and that the ALJ erred by not eliciting a reasonable explanation from the VE for the deviation under Social Security Ruling (SSR) 00-4p. The Commissioner, in response, argues that there is no conflict with the DOT because the DOT is silent on this "sit/stand option" and that the ALJ satisfied SSR 00-4p by

verifying that the VE based her testimony on the DOT and would explain if there were any deviation from the DOT. For the reasons set forth below, the Court finds that the ALJ did not err in her reliance on the VE.

In response to initial questioning by the ALJ, the VE testified that she understood she needed to advise the ALJ of any conflict — and to give the basis of her opinion — if the VE gave an opinion that conflicted with information in the DOT. (AR 60-61.) Using the assumption of the limited range of sedentary work as stated in the RFC, the VE testified that a hypothetical individual could not do Plaintiff's past work. (AR 67.) However, the VE also testified that the hypothetical individual (with certain transferrable cashiering and sales skills from Plaintiff's prior work) could perform the jobs of a check cashier (DOT 211.462-026) and a telephone solicitor (DOT 299.357-014). (AR 67-68.) The VE did not advise the ALJ of any conflict between her opinion and the DOT and, therefore, did not provide an explanation of a deviation from the DOT. Relying on the VE's testimony, the ALJ found that Plaintiff could perform a significant number of jobs in the national economy and was not disabled. (AR 30.)

Under Ninth Circuit law interpreting SSR 00-4p, an ALJ (i) must ask a VE if the evidence he or she is providing is consistent with the DOT and (ii) must "obtain a reasonable explanation for any apparent conflict." *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007). In the present case, the ALJ substantially complied with the first requirement by obtaining the VE's agreement that if "if you give me an opinion that conflicts with information in the DOT, you need to advise me of the conflict . . . ." (AR 60-61.) By not advising the ALJ of a conflict, the VE implicitly found there was none. And Plaintiff agrees that the DOT descriptions for check cashier (DOT 211.462-026) and telephone solicitor (DOT 299.357-014) do not expressly address the need for the sit/stand option. (*See* Pl. Mem. at 9 ("Because the DOT does not address sit/stand options . . . .")) Plaintiff nevertheless contends that the ALJ was required to obtain a reasonable explanation

6

of an "apparent conflict" between the VE's opinion and the DOT. Thus, the issue is whether a conflict existed that required an explanation from the VE — despite the DOT's silence on the sit/stand option.

The recent Ninth Circuit decision in *Gutierrez v. Colvin*, __ F.3d __, 2016 WL 6958646 (9th Cir. Nov. 29, 2016), discussed the approach for determining whether a conflict exists between VE testimony and the DOT: "For a difference between an expert's testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral or expected. . . . [W]here the job itself is a familiar one — like cashiering — less scrutiny by the ALJ is required." *Id*. at *2. In *Gutierrez*, the DOT description for a cashier stated that the job required frequent reaching, but the RFC did not permit lifting of the right arm above shoulder. In holding that there was no apparent or obvious conflict, the Ninth Circuit looked at the type of duties listed in the DOT description, applied common knowledge regarding the normal work of a cashier, and concluded that the typical cashier did not need to reach overhead frequently: "[A]n ALJ must ask follow up questions of a vocational expert when the expert's testimony is either obviously or apparently contrary to the [DOT], but the obligation doesn't extend to unlikely situation or circumstances. . . . Given how uncommon it is for most cashiers to have to reach overhead, we conclude that there was no apparent or obvious conflict between the expert's testimony and the [DOT]." *Id*. at *3.

*Gutierrez*, however, did not address whether the DOT's silence on a sit/stand option is in obvious or apparent conflict with a VE's testimony that a person requiring a sit/stand option can perform a particular job. Indeed, there is no controlling Ninth Circuit authority on this question, although a number of unpublished decisions have addressed it. *See Manley v. Colvin*, 2016 WL 7191541 at *3-4 (C.D. Cal. Dec. 12, 2016) (discussing cases). For example, *Dewey v.*

7

*Coleman*, 650 Fed. Appx. 512 (9th Cir. 2016), recently held that there was no conflict where the DOT was silent on whether the particular jobs in question allowed for a sit/stand option and the testimony of the VE indicated that claimant (who required a sit/stand option) could perform those jobs.

Here, the Court likewise concludes that there is not an apparent or obvious conflict between the pertinent DOT descriptions and the requirement that Plaintiff needs to stand or stretch at least ten percent of the day. DOT 211.462-026 describes the duties of a check cashier as "Cashes checks, prepares money orders, receives payment for utilities bills, and collects and records fees charged for check-cashing service. May receive payment and issue receipts for such items as license plates." In the language of *Gutierrez*, the "essential, integral or expected" requirements of this job would not require sitting all of the time and would not prevent standing or stretching for a total of 48 minutes over an eight hour day. Tasks such as receiving payments and collecting fees may well be done standing up some of the time. Similarly, the duties of a telephone solicitor under DOT 299.357-014 include calling prospective customers, recording names of customers solicited, developing lists of prospects, typing reports, and contacting drivers — none of which prohibits the 10% standing or stretching required by Plaintiff. Moreover, according to the DOT, both the check cashier and telephone solicitor jobs are sedentary work, involve sitting most of the time, and may include walking or standing for brief periods occasionally (i.e. up to 1/3 of the time). The essential, integral or expected requirements of these job duties do not prevent Plaintiff from changing his sitting and standing as needed, and do not preclude Plaintiff from standing or stretching the required 48 minutes over the course of the day. It would

///
///
///
///

8

be a very unlikely or uncommon circumstance where a check cashier or telephone solicitor could not stand or stretch as required in the RFC.[2]

Finally, the Court finds persuasive the reasoning of *Laufenberg v. Colvin*, 2016 WL 6989756 at *9 (C.D. Cal. Nov. 29, 2016), that to hold a conflict exists in circumstances such as these "would mean that VEs always create conflicts with the DOT whenever they mention any of the multitude of things about a job not expressly addressed in the DOT." No controlling authority requires a finding of that type of conflict.

In sum, the Court concludes that there was not an obvious or apparent conflict between the RFC and the DOT descriptions check cashier and telephone solicitor. Accordingly, the ALJ was not required to ask the VE to provide an explanation of any deviation from the DOT, and there was no error in the ALJ's reliance on the VE's testimony in making the step five determination of other work that Plaintiff could perform.

\* \* \* \*

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: December 20, 2016

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes that check cashier and telephone solicitor are relatively familiar jobs, thereby requiring less scrutiny by the ALJ. *See Gutierrez*, 2016 WL 6958646 at *2.